NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0048n.06

No. 21-5666

| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | |
|---|---|---|
| STEVEN NELSON,<br>    Plaintiff-Appellant,<br>v.<br>COSTCO WHOLESALE CORPORATION,<br>    Defendant-Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY<br><br>OPINION |

FILED
Jan 26, 2022
DEBORAH S. HUNT, Clerk

Before: GRIFFIN, DONALD, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Steven Nelson was injured when the motorized scooter he was riding tipped over a curb near the front entrance of Costco Wholesale Corporation's store. He sued, alleging that Costco breached its duty to correct or warn of an unreasonably dangerous condition on its premises. After discovery, the district court excluded his proposed expert and granted Costco's motion for summary judgment. Nelson appeals both rulings, and for the following reasons, we affirm.

I.

Steven Nelson had shopped with his friend Breck Holt at the Costco in east Louisville, Kentucky, several times. While there, Nelson usually used the motorized scooters the store provided. And when his shopping was done, Holt would retrieve his vehicle while Nelson waited outside the front entrance on the motorized scooter.

This Costco's front entrance has a large garage door. Outside that door, the sidewalk is flush with the surface of the parking lot. That area is often used as a loading and unloading zone,

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

but Costco attempts to move customers to "the left side of the entrance." Two crosswalks on either side of the front entrance lead to handicapped parking spaces. Past those crosswalks, the sidewalk wraps around the building and begins to rise to a curb that is four to six inches off the ground.

For the most part, Nelson and Holt's April 4, 2017, trip to Costco was like the others described above. But when their shopping was finished, and Holt went to get the vehicle, a minivan had parked in their usual loading spot. Nelson, in an effort to get out of the way of people entering and exiting the store, drove the motorized scooter away from the entrance.

No eyewitness saw what happened next, and no other evidence in the record paints a clear picture. What we do know, however, is that Nelson fell over the curb and onto the parking lot's surface. Nelson says he "caught the edge of the sidewalk and tipped over [the curb]." Appellant Br. at 11. Holt testified that Nelson "guessed he drove off the curb," but Nelson himself remembers nothing leading up to his ride to the hospital in an ambulance. An incident report prepared by Costco states: "Slid off curb. Electric cart ended up half on curb, half off. Stuck under cart." We also know that Nelson was in pain after the fall: he says he suffered "an extremely painful broken leg and likely suffered a traumatic head injury." Appellants Br. at 11.

Nelson sued Costco in the Circuit Court of Jefferson County, Kentucky. He alleged a premise-liability, negligence claim arising out of the above facts. Costco, a Washington corporation, then invoked federal diversity jurisdiction and removed the complaint to the Western District of Kentucky. Both parties conducted discovery and proposed experts. Both also moved to exclude each other's expert witnesses, and Costco moved for summary judgment. The district court granted both evidentiary motions, in part, and granted Costco's motion for summary judgment. Nelson now appeals the exclusion of his expert, Jerry Birnbach, and the grant of summary judgment.

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

II.

We first review the district court's decision to exclude Birnbach's expert report and testimony. A party at summary judgment "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Both parties did so here, relying on Federal Rule of Evidence 702.

Rule 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to offer opinion testimony when four conditions are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. So when parties offer expert testimony, "the district court must determine whether the testimony is both relevant and reliable" before allowing its admission. *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 388 (6th Cir. 2000) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993)).

In this setting, the district court acts as gatekeeper. *See United States v. Gissantaner*, 990 F.3d 457, 463 (6th Cir. 2021). Our role, then, is to review whether the district court abused its discretion in determining admissibility. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008). In doing so, "we will not substitute our own judgment for that of the district court and will reverse an evidentiary decision only where we are left with a definite and firm conviction that the district court committed a clear error of judgment." *Id.* (cleaned up). Short of such misjudgment, we afford the district court "considerable leeway" in admitting or excluding expert testimony under Rule 702. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

Before determining whether the district court abused its discretion, we must first clarify the scope of Nelson's appeal. Birnbach initially made four conclusions in his expert report and added seven additional "violations" contributing to Nelson's fall at his deposition. Faced with a motion to exclude Birnbach's opinions in their entirety, Nelson intended for Birnbach to opine on "the factual interaction between Costco's store management, the codes, the construction, and how this incident happened." Oral Argument Tr., R. 75, PageID 1037. He planned to show that "a totality of the circumstances . . . allowed the interaction between the cart and the curb to happen in a dangerous way." *Id.* at 1026.

Now, Nelson has changed tack. He no longer "plan[s] to offer Birnbach's opinions regarding the condition or construction of the curb itself, nor his opinions regarding handicapped spaces or incident reporting and therefore will not challenge their admissibility." Appellant Br. at 28. Rather, he challenges only "the exclusion of Birnbach's opinions related to scooter warnings and Costco's management of the loading area allowing cars to park near the curb." *Id.* So for our purposes, only those two aspects of the district court's ruling are in question. We take each in turn.

Birnbach's expert report concluded that "signs . . . calling out for caution when operating the scooter in the parking lot were not adequately addressed in the final design build out." And at his deposition, he stated his belief that Costco did not "provide[] the adequate instructions regarding the scooter's use," and that "there should have been more visual notice as you're leaving the building directing scooters to utilize the handicap, which should be marked, ramps and—and curb cuts." He acknowledged that the alleged lack of visual notice was not a code violation.

The district court rejected the conclusion in Birnbach's report as "a grab-bag of alleged actions that would've violated unidentified standards with unidentified connections to the

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

accident." It concluded that no "discipline, expertise, or other 'specialized knowledge'" supported Birnbach's conclusions. Regarding the scooter opinions raised at the deposition, the district court further concluded that Birnbach lacked the expertise to testify about scooter use and that such testimony would not inform the jury.

In Nelson's telling, the district court "admits" that motorized-scooter policy "is part of what [Birnbach's] design experience encompasses" and "some of his clients are retailers that provide electric scooters." Appellant Br. at 28. That "admission" was actually a direct quote of, followed by a paraphrasing of, his counsel's statements at oral argument. *See* Oral Argument Tr., R. 75, PageID 1031–32. And the district court held that those statements, unsupported by the record evidence, were insufficient to prove his qualification to opine on the motorized scooters. One exchange between the district court and Nelson's counsel at oral argument captures the problem:

> COURT: [I]f we were to look for the best support for his expertise with respect to scooters in stores, where would I find that? Not his opinion in general, but the basis for him being able to opine on that.
> COUNSEL: The basis for that, I believe, is his experience in, you know, store design, the multiple stores that he has designed and his familiarity with industry standards related to how those designs and policies interact with each other.
> COURT: Right, but where in the record would I find that?
> COUNSEL: [Citing conclusions reached regarding motorized carts in the expert report and addendum "based on his experience there."]
> COURT: Does he set out—I feel like I'm asking the same question over and over. Does he, at any point, describe his background with respect to the scooter issue?
> COUNSEL: I don't—I'm not sure if it's addressed more specifically than what we've already discussed.

Oral Argument Tr., R. 75, PageID 1039–40. In short, Nelson supported Birnbach's qualifications to opine on the scooter issue with only conclusory statements. He failed to show that "those qualifications provide[d] a foundation for [him] to answer a specific question"; here, whether Costco's motorized-scooter policies were adequate to protect its customers. *Madej v. Maiden*, 951

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

F.3d 364, 370 (6th Cir. 2020) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)). The district court thus did not abuse its discretion in excluding those opinions.

Birnbach's opinions regarding Costco's management of the loading area fare no better. His expert report contained no specific opinions about the loading area. But he brought it up at his deposition, opining that "there should have been a loading area that was a cutout of the automobiles traffic lane," despite the existing layout being up to code, and that vehicles should not be "allowed to stand or park at the curb when it's a fire lane."

The district court also rejected this testimony. It concluded that Birnbach "offer[ed] no basis for these parking-lot opinions"; instead, he presented his "personal view" on how Costco should have managed the parking lot.

Nelson has likewise not shown this decision was an abuse of discretion. He argues only that Birnbach "should be allowed to rely on his own experience." Appellant Br. at 30. But both here and at the district court, Nelson failed to explain what relevant experience makes Birnbach an expert on the issues relevant to his opinions. Presented with a dearth of support for Birnbach's qualifications, the district court did not abuse its discretion in excluding his opinions.

III.

Finding the district court's evidentiary exclusions sound, we turn next to its grant of summary judgment to Costco. Exercising our diversity jurisdiction, we apply the substantive law of the forum state and federal procedural law. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). Federal Rule of Civil Procedure 56 permits district courts to grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's decision de

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

novo, construing the evidence and drawing all reasonable inferences in favor of the nonmoving party. *F.P. Dev., LLC v. Charter Twp. of Canton*, 16 F.4th 198, 203 (6th Cir. 2021).

A. KENTUCKY LAW

The forum state here is Kentucky, so its substantive law applies. Under Kentucky law, "[i]n any negligence case, a plaintiff must prove the existence of a duty, breach of that duty, causation between the breach of duty and the plaintiff's injury[,] and damages." *Hayes v. D.C.I. Props.-D KY, LLC*, 563 S.W.3d 619, 622 (Ky. 2018). The parties do not dispute that Costco owed Nelson a duty because he was a customer in its store. Specifically, he was a business invitee, so Costco "owe[d] a duty to [Nelson] to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 909 (Ky. 2013) (quoting *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010)).

To survive summary judgment, Nelson "must at least show that there is a material dispute over whether [the curb] was unreasonably dangerous." *Littleton v. Lowe's Home Ctrs., LLC*, No. 21-5033, 2021 WL 4058004, at *2 (6th Cir. Sep. 7, 2021) (applying Kentucky premises-liability law). If he cannot, we must "dismiss[ his] claim on summary judgment" because "there is no negligence as a matter of law, the plaintiff having failed to show a breach of the applicable duty of care." *Shelton*, 413 S.W.3d at 904.

A great deal of briefing here and at the district court addresses the burden Nelson bears at summary judgment. In the slip-and-fall context, the Supreme Court of Kentucky has held that a plaintiff may "create[] a rebuttable presumption sufficient to avoid a summary judgment" and "shift[] the burden of proving the absence of negligence" to the defendant. *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (2003) (citing *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 435, 437 (2003)). Doing so requires three showings: (1) the plaintiff "had an encounter with a foreign

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

substance or other dangerous condition on the business premises," (2) "the encounter was a substantial factor in causing the accident and the customer's injuries," and (3) "the business premises were not in a reasonably safe condition for the use of business invitees . . . by reason of the presence of the substance or condition." *Id.* (citing *Lanier*, 99 S.W.3d at 435–36).

Costco argues that this burden-shifting framework should apply here. But in Nelson's view, the Supreme Court of Kentucky altered that framework in cases clarifying the use of the open-and-obvious doctrine. A recent opinion issued by the Supreme Court of Kentucky clarifies that, at least in the slip-and-fall context, the *Lanier* framework is alive and well. *See Phelps v. Bluegrass Hosp. Mgmt., LLC*, 630 S.W.3d 623, 628 (Ky. 2021). However, as we recently noted, "no post-*Lanier* Kentucky Supreme Court decision has applied the *Lanier* framework in cases involving something other than trips or slips and falls," and "we are left with mixed signals regarding" its "exact scope." *Littleton*, 2021 WL 4058004, at *3.

We decline to decide this "close and unresolved question" of Kentucky law here. *Id.* Instead, we affirm because Nelson has not presented evidence that Costco's curb was unreasonably dangerous. *See Phelps*, 630 S.W.3d at 628–29 ("It has long been the rule in this state that no recovery can be had in such cases where the evidence is so unsatisfactory as to require surmise or speculation as to how the injury occurred, and that there will be no presumption of negligence." (quoting *Weidekamp's Adm'x v. Louisville & Nashville R. Co.*, 159 Ky. 674, 167 S.W. 882, 884 (Ky. 1914))); *see also id.* at 629 ("Belief is not evidence and does not create an issue of material fact." (cleaned up) (quoting *Sparks v. Trustguard Ins. Co.*, 389 S.W.3d 121, 124 (Ky. Ct. App. 2012))).

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

B. ANALYSIS

Nelson offers few arguments, and no evidence, to support his contention that Costco's curb was unreasonably dangerous. First, he argues that the Kentucky Court of Appeals held that motorized carts on unlevel surfaces are dangerous as a matter of law when it said: "[we] certainly agree[] that it is dangerous for a motorized cart to be operated on an unlevel surface." Appellant Br. at 20 (quoting *Festervan v. Kroger Co.*, No. 2020-CA-0822-MR, 2021 WL 647122, at *3 (Ky. Ct. App. Feb. 19, 2021)). The actual quote, however, was taken from a portion of the trial court's order and reads: "This Court certainly agrees that it is dangerous for a motorized cart to be operated on an unlevel surface." *Festervan*, 2021 WL 647122, at *3. So after leaving Nelson's selective alteration of the opinion in *Festervan* to the side, we are left only with dicta from a Kentucky trial court, hardly a definitive statement of Kentucky law. Accordingly, we disagree that Costco's curb was "determined, by law, to be a dangerous condition." Appellant Br. at 21.

Nelson finally argues that because *Festervan* stands for the proposition that motorized carts and curbs are always dangerous, and because a Costco employee stated in a deposition that the loading zone would ideally be placed away from the store entrance, only a jury can decide whether the curb was unreasonably dangerous. But his argument misses the point that to reach a jury, he needs to demonstrate a genuine dispute of material fact regarding that issue. Fed. R. Civ. P. 56(a); *see also Phelps*, 630 S.W.3d at 628–29. He has failed to do so.

According to Nelson, the district court only found his evidence lacking by "ignor[ing] the significant circumstantial evidence in the record." Appellant Br. at 21. He never points us to that evidence, but we assume it consists of the undisputed fact that Nelson was injured after a motorized scooter he was riding went over Costco's curb. That fact, however, does not create a genuine dispute over whether the curb was unreasonably dangerous. And his only other evidence that

No. 21-5666, *Nelson v. Costco Wholesale Corp., et al.*

could create one—Birnbach's report and testimony that the scooters and curb were unsafe—was properly excluded by the district court. Contrasted with admissible evidence offered by Costco's expert, Catherine Peterman, who opined that the incident area complied with both applicable codes and the requirements of the Americans with Disabilities Act, Nelson's case grows even weaker.

In short, Nelson has offered no evidence to suggest that he encountered anything other than "a simple curb," which the Supreme Court of Kentucky has said is "an open-and-obvious danger [that] may not create an unreasonable risk." *Shelton*, 413 S.W.3d at 914. His argument that the curb was unreasonably dangerous "relies entirely on conjecture." *Phelps*, 630 S.W.3d at 629. That is not enough to survive summary judgment.

### IV.

The district court did not abuse its discretion in excluding Birnbach's testimony in its entirety. And on this record, Nelson cannot demonstrate that Costco's premises were not in a reasonably safe condition. Accordingly, we affirm.

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 26, 2022

Mr. Robert L. Astorino Jr.
Stein Whatley
2525 Bardstown Road
Suite 101
Louisville, KY 40205

Mr. Donald K. Brown Jr.
Ms. Morgan Kathleen Mottley
O'Bryan, Brown & Toner
401 S. Fourth Street, Suite 2200
Louisville, KY 40202

Re: Case No. 21-5666, *Steven Nelson v. Costco Wholesale Corporation, et al*
Originating Case No. : 3:18-cv-00278

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. James J. Vilt Jr.

Enclosure

Mandate to issue